IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA LOU RICHARDSON, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-1186 |
| | ) |
| FOOD LION, LLC t/d/b/a FOOD LOIN and/or | ) |
| FOOD LION STORE 246, a limited liability | ) |
| corporation, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

### SYNOPSIS

In this matter, which was removed from state court based on diversity of citizenship, Plaintiff claims damages for injuries sustained as the result of a slip and fall at Defendants' grocery store.

Before the Court is Defendant's Motion for Summary Judgment. The Motion asserts that Defendant is entitled to judgment because the record lacks required evidence that it had sufficient opportunity to prevent Plaintiff's fall. For the

1

following reasons, Defendant's Motion will be granted.

## DISCUSSION

### A. FACTS

Unless otherwise indicated, the following facts are undisputed.[1] Plaintiff was injured when she slipped and fell at Defendant's store in Maryland. At some point, Plaintiff and her shopping companion, Virginia, stopped in an aisle near the back of the store and were facing double doors leading to an area frequented only by employees. Virginia heard a male customer exclaim, "I almost fell. Look, there's something spilled here." On the floor near that customer, Virginia saw a two foot by two foot pool of liquid surrounding a cracked bottle of laundry detergent. According to her testimony, seven or possibly ten minutes after she heard the customer's comment, Plaintiff fell.

The store's customer service manager, Ms. Datesman, testified that an assistant manager, Mr. Wright, was in her office at the front of the store when a vendor reported the spill. Therefore, she sent Mr. Wright to the back of the store to investigate. Ms. Datesman estimated a 10-15 second walk from her office to the rear of the store. She also estimated, however, that Mr. Wright called to report Plaintiff's fall "a couple of seconds" after he left Ms. Datesman's office. Somewhat differently, Mr. Wright testified that he received a call from Ms. Datesman over the intercom, one to two minutes prior to Plaintiff's fall. The spill was not reported to

---

[1] Plaintiff did not file a response pursuant to Local Rule 56.1; therefore, I gleaned Plaintiff's version of the facts from her Brief.

any of Defendant's employees prior to the bread vendor's report to Ms. Datesman.

## B. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. V. Stauffer Chem . Co., 898 F. 2d 946, 949 (3d Cir. 1990). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. United States v. Omnicare, Inc., 382 F. 3d 432 (3d Cir. 2004). Rule 56, however, mandates the entry of judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. Celotex Corp. v. Cattrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986).

## C. DEFENDANT'S MOTION

The parties agree that Maryland law applies to this matter. They further agree that Plaintiff bears the burden of demonstrating that Defendant had sufficient time, after receiving notice of the dangerous condition, to redress that condition. It is on this narrow question that the case now rests.

In light of a dearth of on-point authority, Rehn v. Westfield Am., 153 Md. App. 586 (Md. Ct. Spec. App. 2003), stands out as particularly relevant to the case at hand.

In Rehn, the Defendant food establishment had actual notice of a spilled drink prior to plaintiff's fall on the spill. Id. at 594. The court phrased the crucial question regarding the spill as follows:

> [T]he dispositive issue here was...how long [defendant's employee] knew about it before she did something about it. In practical terms, did [the employee] have enough time after she learned about the spill to do something that ultimately might have prevented [plaintiff]'s fall?

Id. at 595.

As soon as receiving actual notice of the spill, the employee in Rehn shouted out to notify a co-employee of the spill. Id. at 590. As she was doing so, the plaintiff fell. Id. The court noted that the spill was on the floor for "less than four minutes," perhaps only seconds, before the plaintiff fell. Id. at 595-96. Given the interval between actual notice and plaintiff's fall, the court found that upon notice, "steps were taken promptly to correct the problem; [plaintiff] encountered it almost simultaneously with those efforts. " Id. at 594. Although Plaintiff argued that Defendant could and should taken more effective steps to prevent the accident, the court found that there was insufficient time to do so. Id. at 595. As a matter of law, the court held, "no reasonable fact finder could determine, on these undisputed material facts, that Defendant['s]... agents were not exercising reasonable care." Id. at 594.

Plaintiff argues that Defendant is not entitled to summary judgment because

it is unclear when "[actual] notice was received in relation to Plaintiff's fall."[2] Plaintiff points, in particular, to the different time estimates testified to by Ms. Datesman and Mr. Wright.[3]

Although there may be some ambiguity or conflict in the evidence cited by Plaintiff, conflicting testimony does not necessarily warrant a trial.  Here, the ambiguity relates to whether the interval between actual notice and Plaintiff's accident was a matter of seconds or a matter of minutes.  Were a jury to accept either Ms. Datesman or Mr. Wright's testimony, the result would be a minimal amount of time, insufficient by any measure to prevent the Plaintiff's fall.  Viewing the facts in a light most favorable to Plaintiff, and therefore accepting Mr. Wright's chronology, her fall occurred two minutes after he received a call from Ms. Datesman, which occurred immediately after the spill was reported.

In addition, Plaintiff hypothesizes that Defendant could have used the store intercom or phone to prevent the accident, but presents no evidence to suggest that the intercom or telephone process would have been possible, or any quicker or more effective, than the course of action taken, given the two-minute time frame; any conclusions in that regard would be impermissibly speculative.[4]

---

[2] Plaintiff's opposition to Defendant's Motion explicitly rests on the issue of time elapsed between actual notice to Ms. Datesman and Plaintiff's accident.  Plaintiff does not discuss the potential applicability of constructive notice principles; nor, therefore, do I.

[3] Plaintiff also points to the testimony of another employee, who testified that the "breadman" came running to him and told him that a woman had fallen. The present significance of the testimony, however, is unclear.

[4] Plaintiff does not discuss, for example, whether Ms. Datesman would have been able to reach and operate the intercom or phone system within the two minute time frame.  Moreover, Plaintiff does not accompany her assertions about the intercom and telephone with record

5

Instead, this matter is similar enough to <u>Rehn</u> to mandate a similar result. On either the undisputed facts, or the record facts most favorable to Plaintiff, no reasonable jury could conclude that Defendant acted unreasonably in connection with the spill.

## **CONCLUSION**

In sum, there is no genuine issue of material fact that would preclude the entry of judgment in this matter.   An appropriate order follows.

* * * * * * * * * * * * * * * * * * * * * * * *

---

citations.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA LOU RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-1186 |
| FOOD LION, LLC t/d/b/a FOOD LOIN and/or FOOD LION STORE 246, a limited liability corporation, | ) ) ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **6th** day of January, 2006, after careful consideration and for the reasons set forth above, it is ORDERED that Defendant's Motion for Summary Judgment (Docket No. 20) is GRANTED, and judgment is entered in favor of Defendant and against Plaintiff. This case is closed.

BY THE COURT:


/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge